**BONNIE HOPE RICHARDSON**, Plaintiff–Appellant, v. **JOSEPH DAVID RICHARDSON**, Defendant–Appellee

NO. 14379

(FC–D NO. 86–443)

APRIL 10, 1991

BURNS, C.J., HEEN, AND TANAKA, JJ.

## OPINION OF THE COURT BY BURNS, C.J.

Plaintiff Bonnie Hope Richardson (Mother), who sought an increase in court–ordered child support from defendant Joseph David Richardson (Father), was not satisfied with the amount of the increase. She therefore appealed the family court's February 22, 1990 Findings of Fact, Conclusions of Law, and Order (FOF, COL, and Order) which (1) appears to have awarded her less of an increase in child support than the amount computed according to Parts I and II of the Amended Child Support Guidelines (ACSG), adopted by the Board of Senior Family Court Judges, State of Hawaii, on November 1, 1989; (2) commenced the increase on January 5, 1990 rather than on the date of her July 18, 1989 motion; and (3) denied her request for costs and attorney fees. We vacate parts of the FOF, COL, and Order and remand for further proceedings.

## FACTS

Mother and Father were married on July 30, 1977. Their son (Son) was born on July 1, 1978. Their daughter (Daughter) was born on February 9, 1980. Mother filed a Complaint for Divorce and a Matrimonial Action Information form on August 21, 1986. The latter lists Mother's gross monthly income at $300.00 and Father's at $2,530.00.

The Divorce Decree was filed on September 30, 1986. It incorporates the parties' September 14, 1986 Agreement Incident to Divorce (AITD). The AITD provides, in relevant part, as follows:

> 3. **Child Support.** [Father] shall pay $550.00 per month for child support. [Father] shall also pay one–half of the children's clothing bills and one–half of all education expenses, if the children remain in public school. If

the children attend private school upon the mutual consent of both [Father] and [Mother], [Father] shall pay all the tuition of such private school. [Father's] liability for child support ends when the children reach the age of 18 or when they reside with him. [Father] shall pay for the legally required minimum no–fault automobile insurance for [Mother's] current vehicle. [Father's] liability for [Mother's] automobile insurance terminates three years after the divorce. [Mother] waives her right for alimony and spousal support.

4. **Medical and Dental Care.** [Father] shall pay all the children's medical [insurance], and one–half of all medical and dental bills not paid by the insurance.

5. **Real Property.** [Mother] shall be awarded the Honomu house and lot subject to the first mortgage of $41,000.00 and the second mortgage of $8,000.00. [Mother] shall also receive the purchase money mortgage of $50,000.00 with 10% interest from the sale of 2 four–bedroom homes at Honomu on Tax Map Key Number (3) 2–8–17–44. [Father] shall be awarded the Salmon Creek, California house and lot.

We note, *sua sponte*, that Hawaii Revised Statutes (HRS) § 580–47(a) (Supp. 1990) takes precedence over paragraph 3's termination of Father's child support obligation when the children reach the age of 18. HRS § 580–47(a) provides, in relevant part, as follows: "Provision may be made for the support, maintenance, and education of an adult or minor child and for the support, maintenance, and education of an incompetent adult child whether or not the application is made before or after the child has attained the age of majority."

On July 18, 1989 Mother filed a motion for increase in child support to the amount computed according to the applicable ACSG. The February 1, 1988 ACSG took effect on March 1,

1988. The November 1, 1989 ACSG took effect on November 15, 1989. According to Mother's calculations, which Father did not dispute, the amount of child support due under Part I (Primary Child Support) and Part II (Standard of Living Adjustment (SOLA) Child Support) of the November 1, 1989 ACSG was $2,100.00 per month.

HRS § 584–15(e) (Supp. 1990) provides, in relevant part, as follows: "In determining the amount to be paid by a parent for support of the child and the period during which the duty of support is owed, a court enforcing the obligation of support shall use the guidelines established under section 576D–7."

HRS § 576D–7 (Supp. 1990)[1] requires the family court to establish child support guidelines and provides the family court with optional considerations.

The family court's February 22, 1990 Order is not crystal clear. We conclude, however, that it orders Father to pay child support of $860.00 per month plus (1) all the children's medical

---

[1] HRS § 576D–7 (Supp. 1990) provides, in relevant part, as follows:

**Guidelines in establishing amount of child support.** (a) The family court, in consultation with the [child support enforcement] agency, shall establish guidelines to establish the amount of child support when an order for support is sought or being modified under this chapter. The guidelines shall be based on specific descriptive and numeric criteria and result in a computation of the support obligation.

The guidelines may include consideration of the following:

(1) All earnings, income, and resources of both parents; provided that earnings [shall] be the net amount, after deductions for taxes, and social security. Overtime and cost of living allowance may be deducted where appropriate;

(2) The earning potential, reasonable necessities, and borrowing capacity of both parents;

(3) The needs of the child for whom support is sought;

(4) The amount of public assistance which would be paid for the child under the full standard of need as established by the department [of attorney general];.

insurance; (2) one–half of the children's medical and dental bills not paid by insurance; (3) one–half of the children's clothing bills and public school education expenses; and (4) all of the children's private school tuition.

## I.

Mother challenges the amount of child support the family court ordered Father to pay. Mother contends that the family court ordered Father to pay child support in an amount less than the $2,100.00 per month amount computed according to the applicable child support guidelines and thereby abused its discretion. The relevant FOF are as follows:

(1) For the period from July 1989 through the present, [Mother's] average gross monthly income was and is approximately $1,585.00 per month. . . .

---

(5)   The existence of other dependents of the obligor parent;

(6)   To foster incentives for both parents to work;

(7)   To balance the standard of living of both parents and child and avoid placing any below the poverty level whenever possible;

(8)   To avoid extreme and inequitable changes in either parent's income depending on custody; and

(9)   If any obligee parent (with a school age child or children in school), who is mentally and physically able to work, remains at home and does not work, thirty (or less) hours of weekly earnings at the minimum wage may be imputed to that parent's income.

(b)   The guidelines shall be:

(1)   Applied statewide;

(2)   To simplify the calculation as much as practicable;

(3)   Applied to ensure, at a minimum, that the child for whom support is sought benefits from the income and resources of the obligor parent on an equitable basis in comparison with any other minor child of the obligor parent;

* * *

(c)   The family court, in consultation with the agency, may update the guidelines when the family court deems it necessary.

(2) For the period from July 1989 through the present, [Father's] average gross monthly income was and is approximately $10,788.00 per month. . . .

\* \* \*

(4) [Mother] calculated child support payments to be in the amount of $2,100.00 per month pursuant to the Guidelines. . . .

\* \* \*

(6) The Court finds that exceptional circumstances exist which warrant deviation from the Guidelines in that [Father] has an unusually high monthly income that would result in a computation higher than the reasonable needs of the children pursuant to Section 576D–7, HRS, and *Doe VI vs. Roe VI*, 6 Haw. App. 629 (1987).

(7) The Court finds that the Income and Expense Statement of Plaintiff dated July 24, 1989, and filed July 25, 1989, with the Family Court shows average monthly expenses for the two minor children of $765.00 per month during the summer while [Daughter] attends art classes and $585.00 per month thereafter.

(8) The Court further finds that the Income and Expense Statements [sic] of [Mother] dated January 2, 1990, . . . shows average monthly expenditures for the minor children of $811.00 per month.

(9) The Court further finds that [Mother] testified that at the time of the divorce, the parties intended that she receive the marital residence free of any mortgage and for this purpose, they sold some of the marital assets on a note from Mr. John Day which pays $1,000.00 per month and the proceeds of this note were given to [Mother] who [uses] said proceeds to pay off the mortgage. . . .

(10) The Court also finds that Probation Officer Jan Ching testified that she had conducted a social study/

child support and visitation study during which time she had opportunity to see the two minor children in the home of [Mother]. Ms. Ching testified regarding the present standard of living of the children as "more than met the children's physical needs", and affirmed that the children lived in a large house, enjoyed decent transportation, nice schools, were well–dressed and fed and that no complaints regarding the physical needs of the children were expressed to her by the children or the [Mother].

The COL are as follows:

(1) Having considered the relevant facts herein, to include those enumerated in Hawaii Revised Statutes Section 580–47, the Court concludes that paragraph 3 of the Divorce Decree filed on September 30, 1986, providing for child support in the sum of $550.00 per month, be amended and modified to the sum of $860.00 per month, with equal payments of $430.00 due on the 5th and the 20th of each month, beginning on January 5, 1990.

(2) The Court further concludes that no other provision of paragraph 3 of said Divorce Decree and/or any provision of paragraph 4 of said Divorce Decree shall be amended or modified.

(3) The Court concludes that pursuant to the Child Support Guidelines, as amended on November 1, 1989, HRS Section 580–47, HRS Section 576(D)(7), HRS Section 576(E)(15), and *Doe VI v. Roe VI*, 6 Haw. App. 629 (1987), the exceptional circumstance of an unusually high monthly income under the circumstances herein would result in a computation higher than the reasonable needs of the children.

(4) The Court concludes that, pursuant to HRS Section 580–47(e), [Mother] is not entitled to an award of attorney's fees and costs.

(5) The Court concludes that, by exercise of its discretion, [Mother] is not entitled to any additional support from July 1989 through December 1989 in the sum of $1,860.00 ([860.00 – $550.00] x 6) or in any other sum. The Order provides as follows:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

(1) [Father] shall pay to [Mother], effective January 5, 1990, as and for child support, the sum of $860.00 per month, of which $430.00 shall be due on the 5th of each month, of which $430.00 shall be due on the 20th of each month.

(2) [Mother] is due no additional child support in any sum for any period.

(3) [Mother] is not entitled to an amendment/modification of Paragraph 3 of the Divorce Decree filed on September 30, 1986, regarding responsibility for the children's clothing expenses and education expenses, and Paragraph 4 of said Divorce Decree regarding responsibility for the children's medical and dental bills.

(4) [Mother] is not entitled to any attorney's fees and costs incurred herein.

We note, *sua sponte*, that a trial court's statement of a party's or a witness's testimony is not a finding of fact because it does not say it is a fact nor does it in any other way decide the crucial question of credibility. In this appeal, however, we proceed on the assumption that the family court decided the testimony cited in its findings was credible.

We also note, *sua sponte*, the probability that some of the $1,000.00 Mother receives to pay her mortgage should not be characterized as income. According to paragraph 5 of the AITD and FOF 9, "the purchase money mortgage of $50,000.00 with 10% interest" was awarded to Mother as part of the property division.

Apparently, Mother is receiving $1,000.00 per month from the mortgagor. However, no more than $416.67 of that $1,000.00 is interest. The part of the $1,000.00 per month that is not interest is a return of capital. In other words, it is Mother's property, not her income.

Mother's January 2, 1990 statement of her (1) actual expenses and (2) hypothetical expenses (if Father paid child support in accordance with the applicable guidelines) is as follows:

GENERAL EXPENSES:

| | |
|---|---|
| Mortgage, including taxes and insurance | 1,000.00 |
| Utilities | 145.00 |
| Car operation, maintenance, insurance | 227.00 |
| Medical insurance for Mother | 111.00 |
| TOTAL | 1,483.00 |

| OTHER EXPENSES: | MOTHER | | CHILDREN | |
|---|---|---|---|---|
| | Actual | Hypothetical | Actual | Hypothetical |
| Food | 125.00 | 150.00 | 350.00 | 500.00 |
| Clothing | 50.00 | 100.00 | 80.00 | 400.00 |
| Medical and dental | 61.00 | 61.00 | 82.00 | 82.00 |
| Laundry and cleaning | 25.00 | 25.00 | 20.00 | 20.00 |
| Recreation | 30.00 | 100.00 | 120.00 | 500.00 |
| School | | | 18.00 | 18.00 |
| Child care | | | | 50.00 |
| Allowance | | | 87.00 | 173.34 |
| Judo/Dance | | | 24.00 | |
| Parties | | 30.00 | 30.00 | 50.00 |
| Art classes | 52.00 | | | |
| Yard | 16.57 | 25.00 | | 25.00 |
| Painting classes | | | | 50.00 |
| Tennis, Little League | | | . | 100.00 |
| TOTAL | 359.57 | 491.00 | 811.00 | 1,968.34 |

Husband's 1989 Child Expense statement reports the following payments by him in 1989:

| ITEM | Per Annum | Per Month |
|------|-----------|-----------|
| Clothing, paid to Mother | 479.60 | |
| Clothing, paid by Father | 504.00 | |
| Dance, piano, judo | 169.00 | |
| Little League | 85.80 | |
| Birthday party | 174.25 | |
| School insurance | 70.00 | |
| Summer school | 900.00 | |
| Riding class | 60.00 | |
| SAT | 47.00 | |
| SUBTOTAL | 2,489.65 | 207.47 |
| HMSA | 1,450.08 | 120.84 |
| Medical, not insured | 2,213.19 | 184.43 |
| Air fare | 1,282.00 | 106.83 |
| Children's educational fund | 12,000.00 | 1,000.00 |
| GRAND TOTAL | 19,434.92 | 1,619.57 |

Since Father and Mother were each ordered to pay one–half of the children's medical bills not paid by insurance, we are puzzled by the difference in their reported expenditures for that purpose.

Obviously, some of Father's payments listed above were not court–ordered payments and must be classified as gratuitous. It appears that Father's court–ordered payments are in fact less than the amount computed according to Part I (Primary Child Support) and Part II (Standard of Living Adjustment (SOLA) Child Support) of the November 1, 1989 ACSG.

In *Doe VI v. Roe VI*, 6 Haw. App. 629, 736 P.2d 448 (1987), which is a pre–child support guidelines case, we stated that "an award for child support is for the child's current needs based on the child's appropriate standard of living and not for the purpose of saving portions thereof for future needs." 6 Haw. App. at 641, 736 P.2d at 457. In other words, a payment in excess of the children's reasonable needs at the appropriate standard of living is, by definition, a payment for something other than child support. In recognition of this fact, Part III of the ACSG states in relevant part as follows:

### Exceptional Circumstances

The court may order child support which deviates from the Guidelines *only if* exceptional circumstances warrant such deviation, pursuant to HRS Sections 576D–7 and 576E–15. In such cases, the court shall make oral findings of fact on the record at the hearing or shall prepare written findings of fact regarding the exceptional circumstances.

Although it is impossible to predict all exceptional circumstances that warrant departure, the following examples provide some guidance:

\* \* \*

— An unusually high monthly income that would result in a computation higher than the reasonable needs´ of the children. *Doe VI v. Roe VI*[.]

(Emphasis in original.)

The amount computed according to Parts I and II of the ACSG is presumptively the amount that should be ordered. The party seeking a Part III exceptional circumstance deviation from the amount computed according to Parts I and II has the burden of proof.

In this situation the three questions of fact that must be answered are: (1) What is the appropriate standard of living? (2) What is the total cost of the children's reasonable needs at the appropriate standard of living? (3) If the answer to question (2) is less than the total amount computed according to Parts I and II of the ACSG, then the case involves an exceptional circumstance.

What criteria shall the family court use when factually deciding the child's appropriate standard of living in a particular case? In our view, the following subsections of HRS § 576D–7 (Supp. 1990) are the most relevant:

[(a)](1) All earnings, income, and resources of both parents; . . .

(2) The earning potential, reasonable necessities, and borrowing capacity of both parents;

\* \* \*

(7) To balance the standard of living of both parents and child. . . ;

(8) To avoid extreme and inequitable changes in either parent's income depending on custody; . . .

\* \* \*

[(b)](3) Applied to ensure, at a minimum, that the child for whom support is sought benefits from the income and resources of the obligor parent on an equitable basis in comparison with any other minor child of the obligor parent[.]

Based on the above, we conclude that (a) the parents' prior financial situation; (b) the custodial parent's current financial situation; and (c) the noncustodial parent's current financial situation are all relevant considerations when factually determining the child's appropriate standard of living in a particular case.

In the Richardsons' case, the family court ordered Father to pay $860.00 per month plus one–half of the children's clothing bills; all of the cost of the children's medical insurance; one–half of the children's medical and dental bills not paid by insurance; one–half of all public school expenses; and all private school tuition. It did not enter any findings as to the amount of Father's past or current payments or the predicted amount of his future payments. Based on the facts in the record, it appears that Father's court–ordered payments are in fact less than the amount computed according to Part I and Part II of the November 1, 1989 ACSG. In light of the fact that Mother was awarded only $49.00 per month more than the $811.00 per month she was actually spending for the children's other expenses, we conclude that the amount awarded does not fund the children's share of Mother's monthly expenses

for housing, car, and utilities. In light of the record, especially FOF 10 and the fact that Mother was awarded only $49.00 per month more than the $811.00 per month she was actually spending for the children's other expenses when she was receiving only $550.00 per month child support based on Father's $2,530 monthly income, we also conclude that the family court either did not consider or did not adequately consider Father's current $10,788.00 per month income when it decided Mother's motion. Therefore, we conclude that the family court failed to comply with HRS § 584–15(e) and the ACSG.

## II.

Mother challenges the family court's decision to commence Father's obligation to pay the increased child support on January 5, 1990, the date of the contested hearing, rather than on July 18, 1989, the date of Mother's motion. The family court's decision apparently was based on the fact that the children's reasonable needs were satisfied prior to January 5, 1990. As noted above, however, the satisfaction of the children's reasonable needs at a lower than appropriate standard of living is not the limit of Father's child support obligation. Father is liable for the difference between what he should have been paying pursuant to the applicable ACSG commencing July 18, 1989 and what he actually paid for that period of time.

## III.

The third issue involves the family court's decision not to order Father to pay any of Mother's attorney fees and costs incurred in pursuing her motion. This is a post–initial child support order action for an increase in court–ordered child support. Absent any valid express or apparent explanation for the family

court's decision, we are unable to conclude that the family court did not abuse its discretion. Therefore, we vacate that part of the Order.

## CONCLUSION

Accordingly, we vacate the following parts of the February 22, 1990 Findings of Fact, Conclusions of Law, and Order: Findings of Fact (1), (6), (7), and (8); Conclusions of Law (1), (2), (3), (4), and (5); and Orders (1), (2), (3), and (4). We remand for further proceedings.

*William J. Rosdil* and *Norman A. Wessel* (William J. Rosdil, Attorney at Law, a Law Corporation) on the brief for plaintiff–appellant.

*C. William Chikasuye* and *James L. McIntosh* (Chikasuye & McIntosh, of counsel) on the brief for defendant–appellee.